UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
AMTRUST NORTH AMERICA, INC. on behalf of :
Technology Insurance Company, Inc. and :
Security National Insurance Company, : 18 Civ. 03779
:
Plaintiff, :
: **COMPLAINT**
-and- :
:
SIGNIFY INSURANCE LTD., :
:
Defendant. :
------------------------------------------------------------------------x

## PARTIES

1. AmTrust North America, Inc. ("AmTrust North America") is a company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

2. Technology Insurance Company, Inc. ("TIC") is an insurance company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

3. Security National Insurance Company ("Security"), is an insurance company organized under the laws of Delaware with its principal place of business in New York, New York. AmTrust North America, TIC, and Security are referred to herein collectively as "AmTrust."

4. On information and belief, Signify Insurance Ltd. ("Signify") is an insurance company organized under the laws of Bermuda with its principal place of business in Hamilton, Bermuda. On information and belief, Signify is not authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

6. Venue lies with this Court under 28 U.S.C. § 1391. Signify is subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

7. This action arises from Signify's breach of the parties' reinsurance contract by failing and refusing to post security as required by that contract.

## FACTUAL BACKGROUND

8. Effective April 1, 2016, Signify agreed to reinsure AmTrust pursuant to the terms of the parties' Captive Reinsurance Agreement (the "Reinsurance Contract"). A copy of the Reinsurance Contract is attached hereto as Exh. 1.

9. The Reinsurance Contract requires Signify to post collateral to secure its contractual obligations. *See* Exh. 1 at Art. 28.

10. As of March, 2018, the collateral Signify posted was underfunded by $3,495,284.33.

11. Despite demands, Signify has refused to post the required amount of security.

## COUNT I
## BREACH OF CONTRACT

12. AmTrust repeats and realleges the foregoing paragraphs.

13. The Reinsurance Contract required Signify to secure its obligations.

14. In particular, the Reinsurance Contract defines "Required Security" as "1. The Loss Fund collateral; plus 2. The Gap fund collateral; plus 3. Any additional collateral required to secure [Signify's] obligations under this Agreement in accordance with the New York

2

Insurance Law requirements, or other applicable statutory or regulatory requirements pertaining to collateralization of unauthorized reinsurance." *See* Exh. 1 at Art. 9.K.

15. Despite demands, Signify has refused to increase Gap collateral by $1,400,517 to equal 31.23% of Gross Written Premium as required by Art. 28.G.

16. The Reinsurance Contract requires Signify to "fund the Loss Fund collateral within 8 calendar days after [Signify's] receipt" of notice of the amounts due to Signify. *See* Exh. 1 at Art. 28.F(1)(b)(i). Nonetheless, Signify has failed to post security for balances due to Signify as of March 2018 in the amount of $819,259.98 due from TIC and $1,275,507.35 due from Security National.

17. Despite demands, Signify has failed to cure its breaches and post Gap collateral and Loss Fund collateral, currently underfunded by $3,495,284.33.

## COUNT II
## DECLARATORY JUDGMENT

18. AmTrust repeats and realleges the foregoing paragraphs.

19. The Declaratory Judgment Act provides in relevant part:

> In a case of an actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. §2201(a).

20. As set forth above, and a result of the facts leading up to the filing of this action, a case of actual controversy exists between AmTrust and Signify with respect to Signify's duty to post collateral to secure its obligations under the Reinsurance Contract.

21. Accordingly, AmTrust seeks a declaration that Signify is required, and will remain required, to post collateral to secure its obligations pursuant to the terms of the

3

Reinsurance Contract.

## REQUEST FOR RELIEF

WHEREFORE, AmTrust demands judgment against Signify as follows:

(i) Requiring Signify to post additional collateral in the amount of $3,495,284.33;

(ii) Declaring that Signify is required to post collateral in the future in accordance with the terms of the parties' Reinsurance Contract; and

(iii) Granting any other relief that the Court deems proper and just.

Dated: New York, New York
April 27, 2018

Daniel Hargraves (DH-3698)

FREEBORN & PETERS LLP
The Helmsley Building
230 Park Avenue, Suite 630
New York, New York 10169
(212) 218-8760

*Attorneys for Plaintiff*

*AmTrust North America, Inc. on behalf of Technology Insurance Company, Inc. and Security National Insurance Company*

4