

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel  212.689.8808
Fax  212.689.5101
www.hnrklaw.com

jcurley@hnrklaw.com

April 9, 2020

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Amtrust North America, Inc. v. Signify Insurance Ltd.*, 18 Civ. 3779 (ER)

Dear Judge Ramos:

We represent Defendant/Counterclaimant/Third Party Plaintiff Signify Insurance Limited ("Signify") in the above-referenced matter, and we write to request permission to file a short sur-reply to respond briefly to a new argument that Plaintiff/Counterclaim Defendant AmTrust North America, Inc. and Third-Party Defendants Technology Insurance Company, Inc. and Security National Insurance Company (collectively, the "Insurers") raise for the first time in their reply brief in support of their motion for pre-discovery summary judgment. (*See* ECF No. 70.) Counsel for the Insurers opposes this request. If the Court grants Signify's request, we ask that it accept this letter in lieu of a formal brief.

In their reply brief, the Insurers argued for the first time that Signify's counterclaim/third-party claim for breach of the Program Agreement should be dismissed because Signify supposedly did not provide enough detail about the alleged breach. (*See* AmTrust Reply Br. (ECF No. 70) at 4-5.) Having not raised this point in its opening summary judgment brief, the Insurers cannot complain that Signify's opposition papers insufficiently addressed an as-yet-unmade argument. After all, the Insurers have the burden of explaining at the outset why they are entitled to summary judgment. *See Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 441 (S.D.N.Y. 2015) (collecting cases); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970) (if the movant fails to satisfy its burden on summary judgment, the non-movant is "not required to come forward" with opposing evidence); *Lopez v. City of Dallas, Tex.*, 2006 WL 1450520 at *8 n.16 (N.D. Tex. May 24, 2006) ("If a movant were allowed to perfect its summary judgment burden through a reply brief, the movant would effectively deny the non-movant a chance to respond.").

In any event, the Insurers are wrong that Signify cannot prove a breach of the Program Agreement and they are wrong that the record contains only "mere allegations or denials of [Signify's] pleading." (Insurers' Reply Br. (ECF No. 70) at 5.) The summary judgment record includes testimony from Michael Easton, Signify's principal, that the Insurers agreed to participate

in an insurance program with Signify and Employers HR, a professional personnel organization, whereby the Insurers would issue workers' compensation policies to Employers HR's clients on an as-needed basis as Employers HR continued to expand its nationwide business. (Easton Decl. (ECF No. 66) ¶¶ 6-8.) Mr. Easton further testified that the Insurers breached that agreement beginning in June 2016, just months into the parties' commercial relationship when they stopped writing policies for new clients, thereby damaging Employers HR's (and Signify's) efforts to develop more business. (*Id*. ¶¶ 14-27.) This is a breach of contract. *See Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 97 (S.D.N.Y. 2015).

If the Insurers dispute Mr. Easton's testimony, they can test it during fact discovery. They may not, however, pretend it does not exist. At minimum, Mr. Easton's testimony presents genuine issues of fact. Summary judgment should be denied.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ John P. Curley

John P. Curley

cc: **VIA ECF**

*All counsel of record*